# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| STEPHEN L. KNOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-01323-JEH |
| | ) |
| | ) |
| KYLE MILLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This cause is before the Court on Plaintiff's motions related to the video evidence in this case.

Plaintiff has filed two motions regarding the video evidence in this case. In both motions, Plaintiff argues that he has not had the opportunity to review the entirety of the video evidence of the incident that forms the basis for this lawsuit. Instead, Plaintiff claims that he has only been allowed to view (approximately) fifteen or twenty minutes of the video evidence, but the entire incident is much longer in duration, *i.e.*, a little over two hours. Plaintiff contends that he cannot appropriately respond to Defendants' motion for summary judgment unless he is provided with the opportunity to view the entirety of the relevant video evidence that, according to him, shows that Defendants violated his Constitutional rights. Therefore, Plaintiff moves the Court to order Defendants—again—to allow him to view all of the relevant video evidence, and he moves the Court to conduct a hearing on this issue.

Plaintiff's complaint in his motions is that Defendants have not allowed him to see the alleged denial of or refusal to obtain medical attention for him for two hours after they physically assaulted him without justification. However, Plaintiff did not assert a claim of deliberate indifference towards his serious medical needs in violation of his Eighth Amendment rights in his Complaint. Instead, Plaintiff only asserted an excessive force claim against Defendants. Therefore, any video that shows the lack of medical attention after the alleged assault is not relevant to his excessive force claim.

Furthermore, Plaintiff may offer his own testimony, in the form of an affidavit, in which he asserts that he was denied medical assistance after the assault that forms the basis for this lawsuit if that is his desire to do so. Plaintiff does not need to watch two-plus hours of video evidence of him waiting for medical care in order to respond to Defendants' motion for summary judgment. If he is willing to sign an affidavit under the penalties for perjury that he did not receive medical care for two hours for his alleged injuries that resulted from Defendants' conduct, Plaintiff's affidavit is sufficient, especially given the fact that he two hours of waiting is not directly relevant to his excessive force claim.

Defendants have represented to the Court that they have made all of the video evidence that is relevant to Plaintiff's excessive force claim available to Plaintiff for his review and that Plaintiff has, in fact, viewed this video evidence. Plaintiff has not shown that Defendants dissembled to the Court in their representations. Therefore, Plaintiff's motion and his request for a hearing are denied.

**IT IS, THEREFORE, ORDERED:**

**1.    Plaintiff's motion to argue Defendants' notice of compliance [41] is DENIED.**

**2.    Plaintiff's motion for a status conference [42] is DENIED.**

*It is so ordered.*

Entered: Click or tap to enter a date.

s/Jonathan E. Hawley

U.S. District Judge