UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STEPHEN L. KNOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-01323-JEH |
| | ) |
| | ) |
| KYLE MILLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**I**

**A**

This cause is before the Court on Defendants' motion for summary judgment. During the relevant time, Plaintiff, Stephen L. Knox, was an inmate with the Illinois Department of Corrections (IDOC) who was incarcerated at the IDOC's Pontiac Correctional Center (Pontiac). Plaintiff is currently being held at the IDOC's Joliet Treatment Center.

On August 31, 2023, Plaintiff filed this case under 42 U.S.C. § 1983 alleging that correctional officers at Pontiac violated his Constitutional rights. Specifically, Plaintiff alleged that that, on September 3, 2021, Defendants Lt. Kyle Miller, Lt. Kyle Devine, Sgt. Curtis Bailey, Correctional Officer Andrew Lawrence, and Correctional Officer William Davis opened his cell door, jumped on top of him, and began to hit, punch, and choke him. Thereafter, Plaintiff averred that these officers placed him in handcuffs and sprayed him in his eyes with a chemical agent. These officers, then, forced Plaintiff to walk down the galley to a holding

1

cell without the use of his walker. Plaintiff asserted that Defendants' actions caused him to experience physical pain.

On October 30, 2023, the Court conducted a merit review of Plaintiff's Complaint that is required by 28 U.S.C. § 1915A and found that Plaintiff's Complaint stated a claim against Lt. Miller, Lt. Devine, Sgt. Bailey, C/O Lawrence, and C/O Davis for exerting excessive force against him in violation of his Eighth Amendment rights. Defendant have now moved for summary judgment on Plaintiff's claim against them.

B

Despite being provided with a notice from the Court advising him of the consequences for failing to respond to Defendants' motion for summary judgment and despite the Court giving him additional time to respond to Defendants' motion for summary judgments, Plaintiff has failed to respond to Defendants' motion for summary judgment, and the deadline for him to do so under the Local Rule has now passed. As a result, Plaintiff has failed to submit any evidence with which to create a genuine issue of material fact sufficient to defeat Defendants' motion for summary judgment.

Local Rule 7.1(D)(2)(b)(6) provides that "[a] failure to respond to any numbered fact [contained within a motion for summary judgment] will be deemed an admission of the fact." *Id*. Therefore, Plaintiff has admitted all of the relevant facts that show that Defendants' are entitled to summary judgment, and the Court incorporates those facts herein. *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010), *as revised* (July 19, 2010) (internal citations omitted) ("At summary judgment, the plaintiffs filed an opposition to the defendants' motion but did not bother to respond to their statement of material facts. The district court thus accepted the defendants' statement of material facts as true. We do as well.").

Despite Plaintiff's failure to respond, the Court is cognizant that "[s]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion." *Boyd v. Habeck*, 2013 WL 518966, * 1 (E.D. Wis. Feb. 12, 2013) (citing Fed. R. Civ. Pro. 56(e) advisory committee note to 2010 amendments). Accordingly, the Court has reviewed the evidence submitted by Defendants in order to determine whether a genuine issue of material fact exists that would preclude summary judgment in Defendants' favor. The Court finds that no such disputed fact exists and that Defendants are entitled to judgment as a matter of law. *Abbot v. Gale*, 896 F.2d 323, 326 (8th Cir. 1990) (holding that where a defendant denies the allegations of the complaint and a plaintiff then fails "to respond with evidence in support of [her] claim," the court is justified in granting summary judgment).

### C

With that in mind, the undisputed facts demonstrate the following. On September 3, 2021, Plaintiff was housed in Pontiac's Mental Health Unit and was classified as an "A-grade inmate," which allowed him limited telephone usage. However, Pontiac's policies prohibited an inmate from making telephone calls on behalf of another inmate

At approximately 3:50 p.m. on September 3, 2021, Sgt. Bailey observed Plaintiff using a telephone to make an unauthorized call on behalf of another inmate. Accordingly, Sgt. Bailey ordered Plaintiff to stop using the phone, and he ordered Plaintiff to surrender the phone to him. Plaintiff refused and responded: "I ain't giving you'll [anything]."

After Plaintiff's continued refusal, Sgt. Bailey notified Lt. Devine and Lt. Miller that Plaintiff had and was refusing to comply with a direct order. Thereafter, the correctional officers went to Plaintiff's cell. After Lt. Devine and Lt. Miller arrived at Plaintiff's cell, the correctional officers, again, ordered Plaintiff to

relinquish the phone. Once again, Plaintiff yelled: "y'all ain't taking my stuff." Thereafter, Plaintiff continued to ignore further orders from the correctional officers, and so, Sgt. Bailey unlocked Plaintiff's cell door in order to retrieve the phone. Sgt. Bailey was accompanied by Lt. Devine and Lt. Miller in entering Plaintiff's cell.

Upon entry by the correctional officers, Plaintiff assumed a fighting stance. Sgt. Bailey, then, moved toward Plaintiff and again ordered him to release the phone that has in Plaintiff's hand. Instead of complying, Plaintiff swung his closed fist at Sgt. Bailey, but he did not strike Sgt. Bailey. In response, the correctional officers attempted to restrain Plaintiff, but Plaintiff resisted. At one point, Plaintiff attempted to bite Lt. Devine.

Due to Plaintiff's continued aggression and resistance, Lt. Miller deployed two brief bursts of OC spray to subdue Plaintiff. Lt. Miller applied the OC spray in a controlled manner to prevent further escalation and to ensure safety. Despite being hit with the OC spray, Plaintiff continued to resist the officers.

As a result, Correctional Officers Davis and Lawrence entered Plaintiff's cell so that they could assist the other correctional officer in placing leg restraints on Plaintiff. Although he continued to resist the officers' efforts to restrain him, the officers were, eventually, able to shackle Plaintiff. Once he was fully restrained, Sgt. Bailey, Lt. Devine, and Lt. Miller escorted Plaintiff to a holding tank. Throughout the escort, Plaintiff remained verbally confrontational, and he told the officers that was "feeling homicidal."

Following the incident, Plaintiff had a minor laceration on his lip. Therefore, medical personnel evaluated Plaintiff at (approximately) 6:10 p.m., and Plaintiff received three stitches for the minor laceration on his lip. Plaintiff refused treatment for OC spray decontamination despite being offered eyewash.

## II

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (Brennan, J., dissenting) (1986) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

III

A

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In order to survive summary judgment, a plaintiff must put forth evidence that "support[s] a reliable inference of wantonness in the infliction of pain." *Id*. at 322. The core requirement for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009).

In determining whether the intent was malicious, relevant factors include how much force was needed versus how much was actually used; the extent of injury inflicted; whether the force was needed because of a risk to someone's safety; and whether the officers made efforts to limit the severity of the force. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *Id*. (quoting *Whitley*, 475 U.S. at 320). Prisons are dangerous places, and security officials are tasked with the difficult job of preserving order and discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009).

B

As is oft-time repeated by courts in this Circuit, summary judgment is the put-up or shut-up stage of the litigation. *Brown v. CACH, LLC*, 94 F.4th 665, 667 (7th Cir. 2024). Plaintiff has offered no evidence with which to support his excessive force claim against Defendants. Instead, the undisputed facts show that Defendants did not exert unconstitutional force against Plaintiff on September 3, 2021.

6

Plaintiff has offered no evidence that Defendants exerted force against him maliciously or sadistically. On the contrary, the undisputed evidence shows that Defendants used minimal force against Plaintiff because he repeatedly refused their lawful orders that were given pursuant to Pontiac's policies and that were intended, in good faith, to maintain order and discipline at Pontiac. *Hendrickson*, 589 F.3d at 890. Defendants were required to use force because Plaintiff refused their repeated orders and took a fighting stance towards them. Moreover, Plaintiff suffered a minor injury to his lip, which further shows that the amount of force used was *de minimis*. *McCottrell*, 933 F.3d at 663.

**IT IS, THEREFORE, ORDERED:**

**1. Defendants' motion for summary judgment [26] is GRANTED.**

**2. Accordingly, the Clerk of the Court is directed to enter judgment in all Defendants' favor and against Plaintiff.**

**3. All other pending motions are denied as moot, and this case is terminated. All deadlines and settings on the Court's calendar are vacated.**

**4. If he wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

**5. If he wishes to proceed *in forma pauperis* on appeal, Plaintiff's motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective).**

6.      If he chooses to appeal, Plaintiff will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

*It is so ordered.*

Entered: September 19, 2025

<u>s/Jonathan E. Hawley</u>
U.S. District Judge